UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA,

v.  4:13-cr-129-2

EDUARDO CRUZ-CAMACHO,

Defendant.

## ORDER

Eduardo Cruz-Camacho seeks the return of personal property that he alleges was taken from him when he was arrested. ECF No. 179. Unsurprisingly, the Government opposes the Motion. ECF No. 182. Because the Court has not been provided any evidence upon which to base a ruling, the Court **ORDERS** the parties to submit additional evidence to support their arguments.

## I. BACKGROUND

In November 2013, a jury convicted Cruz-Camacho of conspiracy to deal in firearms without a license, unlicensed dealing in firearms, and possessing firearms as an illegal alien. ECF No. 160. Cruz-Camacho appealed to the United States Court of Appeals for the Eleventh Circuit, which affirmed his conviction. ECF No. 178. He now requests the return of personal property, including $340.00, a white gold chain, a passport, two cell phones, a pair of earrings, a pair of sunglasses, and a belt (collectively "Items"). ECF No. 179 at 3. Cruz-Camacho alleges that the Items were seized from him when he was arrested. ECF No. 179 at 3.

## II. STANDARD OF REVIEW

Federal Rule of Criminal Procedure 41(g) allows for an individual to petition for the return of seized property "on the ground that such person is entitled to lawful possession of the property." *United States v. Eubanks*, 169 F.3d 672, 674 (11th Cir. 1999); *see* Fed. R. Crim. P. 41(g). "Where, as here, a Rule 41(g) motion is filed after the conclusion of criminal proceedings, the motion is treated as a civil action in equity over which a district court may exercise equitable jurisdiction." *United States v. Zambrano*, 353 F. App'x 227, 228 (11th Cir. 2009); *see also United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005) (same).

"[A]nalysis under Rule 41(g) requires a multi-step inquiry." *United States v. Melquiades*, 394 F. App'x 578, 580 (11th Cir. 2010). The movant "must first demonstrate that he is entitled to the property." *Id.*; *see also Howell*, 425 F.3d at 974. The government may offer evidence to rebut the movant's allegations, showing "that it has a legitimate reason to retain the property, that it does not possess the property, or that the property has been destroyed." *Melquiades*, 394 F. App'x at 580 (quotation omitted). If a material issue of fact arises, the parties must present evidence to the court. *Id.*; *see also* Fed. R. Crim. P. 41(g) ("The court must receive evidence on any factual issue necessary to decide the motion."). District courts ought not to rely on representations made by counsel but should require the parties "to submit at least some evidence" of the property's status. *See United States v. Potes Ramirez*, 260 F.3d 1310, 1314 (11th Cir. 2001) (noting that "[a]lthough the

government alleges in its pleadings that the property sought by Potes Ramirez was destroyed, these pleadings are not verified and no supporting affidavits have been filed.").

In the case of a convicted felon, "it would be inequitable to return property obtained through criminal activity or property that a defendant voluntarily forfeited to the government as part of a valid plea agreement after receiving the full benefit of the bargain." *Zambrano*, 353 F. App'x at 228 (quotations omitted). In addition, "the owner of the property must have clean hands." *Howell*, 425 F.3d at 974.

### III. ANALYSIS

Here, Cruz-Camacho has alleged that he is entitled to the Items. ECF No. 179 at 3. In response, the Government seeks the dismissal of Cruz-Camacho's Motion solely because Cruz-Camacho failed to include an affidavit to support his factual assertions. ECF No. 182 at 1.

The Government offers the Court no argument in support of denying Cruz-Camacho's Motion other than to argue that Cruz-Camacho violated Local Criminal Rule 12.1. *See* LCrR 12.1, SDGa (requiring "every factual assertion" to be accompanied by citation to the record or an affidavit). But the Government has also failed to comply with Rule 12.1, having failed to support its factual assertion about the Items. *See* ECF No. 182 at 2, n.1.

In any event, denial of a Rule 41(g) Motion because the initial motion does not include evidentiary support is improper. A motion under Rule 41(g) is a civil proceeding. *Potes Ramirez*, 260 F.3d at 1313-14. Thus, the Eleventh Circuit has explicitly prohibited district courts from denying Rule 41(g) motions simply because a movant has failed to provide evidence in his initial motion. *See Melquiades*, 394 F. App'x at 585 ("[I]t was error to deny Melquiades's motion without collecting evidence to resolve the parties' factual disputes."). In fact, "once a Rule 41(g) movant alleges facts sufficient to sustain his claims—claims that are neither barred by law nor frivolous—*the district court must collect some evidence* to resolve the material factual issues disputed by the parties." *Id.* (emphasis added); *see also* Fed. R. Crim. P. 41(g) ("The court *must* receive evidence on any factual issue necessary to decide the motion.") (emphasis added). Neither party has presented the Court with supported evidence; therefore, to comply with Rule 41(g), the Court is compelled to require the parties to present some.

The Government also states that "Cruz-Camacho has unclean hands[,] having been convicted of multiple federal offenses related to his request." *Id.* at 3. But the Government provides no argument to support its conclusory statement that the Items are "related" to Cruz-Camacho's convictions. The mere fact of a conviction is insufficient to show that a movant acted with unclean hands. *See Calloway v. Partners Nat'l Health Plans*, 986 F.2d 446, 450-51 (11th Cir. 1993) ("For a defendant to successfully avail itself of the doctrine of unclean hands, it must . . . demonstrate that the plaintiff's wrongdoing is directly related to the claim against which it is asserted.").

Therefore, the Court concludes that the parties must provide further information

before it can rule on Cruz-Camacho's Motion.

## IV. CONCLUSION

The Government has failed to offer any factual assertions supported by evidence to rebut Cruz-Camacho's Motion, and so denial of his Motion would be inappropriate. *See Potes Ramirez*, 260 F.3d at 1314. For his part, Cruz-Camacho has not offered any evidence to demonstrate that he is owed the Items, and so the granting of his Motion would also be inappropriate. *See* Fed. R. Crim. P. 41(g).

Because Rule 41(g) requires the Court to receive evidence regarding the Items, the Court **ORDERS** both parties to submit supporting evidence within 21 days.

This 16 day of December 2014.

*[signature]*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA