# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| EDUARDO CRUZ-CAMACHO, ) <br> ) <br> Movant, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Case No. CV414-257 <br> CR413-129 |

## REPORT AND RECOMMENDATION

Eduardo Cruz-Camacho moves for 28 U.S.C. § 2255 relief. CR413-129, doc. 181. A jury convicted him of conspiracy to deal in firearms without a license, in violation of 18 U.S.C. §§ 371, 922(a)(1)(A), dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A), and being an illegal alien in possession of a firearm, in violation of 18 U.S.C. § 922(g)(5)(A). *United States v. Cruz-Camacho*, 2014 WL 5011118 at * 1 (11th Cir. Oct. 8, 2014). Upon preliminary review under Rule 4(b) of the Rules Governing Proceedings under 28 U.S.C. § 2255, his motion must be denied.

Defendant's § 2255 motion exemplifies the flaw common to many § 2255 motions: It is comprised almost exclusively of conclusory assertions like those deemed deficient in cases like *Holland v. United States*, 2014 WL 5241531 at * 2 (S.D. Ga. Oct. 13, 2014) (citing *Chavez v. Sec'y Fl. Dep't of Corrs.*, 647 F.3d 1057, 1061 (11th Cir. 2011) ("The allegations must be factual and specific, not conclusory. Conclusory allegations are simply not enough to warrant a hearing."); *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (applying a heightened pleading requirement in habeas cases and noting that "[t]he evidence supporting an [IAC] claim is available following the conviction, if not before. Whatever the claim, though, the petitioner is, or should be, aware of the evidence to support the claim before bringing his petition."); *Gerwald v. United States*, 2014 WL 1681506 at * 3 n. 5 (S.D. Ga. Apr. 28, 2014)).[1]

---

[1] It follows that conclusory and "laundry-listed" claims go nowhere:

"Those who seek habeas relief cannot simply laundry-list their claims and hope that the court will develop (hence, litigate) them on their behalf. *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (no hearing required on claims "which are based on unsupported generalizations"); *Rodriguez v. United States*, 473 F.2d 1042, 1043 (5th Cir. 1973) (no hearing required where petitioner alleged no facts to establish truth of his claims beyond bare conclusory allegations)." *Jeffcoat v. Brown*, 2014 WL 1319369 at * 8 (S.D. Ga. Mar. 27, 2014); *Bartley v. United States*, 2013 WL 6234694 at * 2-3 (S.D. Ga. Dec. 2, 2013) (§ 2255 claims bereft of argument and citation to the record may be denied on pleading-deficiency grounds alone); *see also Johnson v. Razdan*, 2014 WL 1689021 at * 2 (11th Cir. Apr. 30, 2014) ("Although *pro se* briefs are

Just one example is Claim Two. In it Cruz-Camacho alleges that his attorney, Anne Pannell Rodman, provided ineffective assistance of counsel (IAC) by "affirmatively misadvis[ing]" him to proceed to trial when she knew "there was virtually no chance he could prevail at trial due to overwhelming weight and quality of the government's evidence." Doc. 181 at 20.[2] He cites no plea offer, much less explains the offer's

---

to be construed liberally, a *pro se* litigant who offers no substantive argument on an issue in his initial brief abandons that issue on appeal.").

*Hopkins v. United States*, 2014 WL 2624425 at * 1 n. 3 (S.D. Ga. June 12, 2014).

[2] For IAC claims raised in this context, a § 2255 movant

must satisfy the familiar two-part test established in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). First, he must show that counsel's performance was deficient. To meet this prong, the defendant must demonstrate that counsel made errors so serious that he was not functioning as counsel guaranteed by the Sixth Amendment. *Id.* at 687, 104 S. Ct. 2052. There is a strong presumption that counsel's conduct fell within the range of reasonable professional assistance, and, therefore, counsel's performance is deficient only if it falls below the wide range of competence demanded of lawyers in criminal cases. *Id.* at 689, 104 S. Ct. 2052. Then, the defendant must show that he suffered prejudice as a result of that performance. *Id.* at 687, 104 S. Ct. 2052. This requires establishing a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S. Ct. 2052. A habeas petitioner claiming ineffective assistance of counsel must carry his burden on both Strickland prongs, and a court need not address both prongs if the defendant has made an insufficient showing on one. See id. at 697, 104 S. Ct. 2052; *Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir.2001).

The Supreme Court has long recognized that *Strickland* 's two-part inquiry applies to ineffective assistance of counsel arising out of the plea process. *See Hill v. Lockhart*, 474 U.S. 52, 57, 106 S. Ct. 366, 88 L.Ed.2d 203 (1985);

terms. Under the pleading and IAC standards set forth in n. 2 *supra*, this claim fails because it is demonstrably speculative and conclusory. *Diaz v. United States*, 930 F.2d 832, 835 (11th Cir. 1991) (affirming a district court's denial of an evidentiary hearing for an ineffective assistance claim, and noting that "after the fact testimony concerning [a] desire to plead, without more, is insufficient to establish [prejudice]"), quoted in *Hill v. United States*, 2014 WL 6773045 at * 2 (N.D. Ala. Dec. 2, 2014) (rejecting similar claim because, *inter alia,* movant "does not allege that any such agreement was offered").

Claim Three ¶ 2 (doc. 181 at 20-22) also fails because it is essentially a rehash of Claim Two. Claim Three ¶ 3, *id.* at 22-23 ("Counsel unprofessionally failed to investigate or present the strongest

---

Recently, in *Missouri v. Frye*, ___ U.S. ___, 132 S. Ct. 1399, 182 L.Ed.2d 379 (2012), and *Lafler v. Cooper*, ___ U.S. ___, 132 S. Ct. 1376, 182 L.Ed.2d 398 (2012), the Court clarified that the Sixth Amendment right to the effective assistance of counsel extends specifically "to the negotiation and consideration of plea offers that lapse or are rejected." *In re Perez*, 682 F.3d 930, 932 (11th Cir. 2012) (per curiam). The Court concluded that, in order to establish prejudice, a defendant must show a reasonable probability that but for counsel's ineffectiveness: (1) "the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances)"; (2) "the court would have accepted its terms"; and (3) "the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler*, 132 S.Ct. at 1385; *see Frye*, 132 S.Ct. at 1409.

*Osley v. United States*, 751 F.3d 1214, 1222 (11th Cir. 2014); *see also Winthrop-Redin v. United States,* 767 F. 3d 1210, 1219 (11th Cir. 2014).

issues available . . . for his direct appeal and failed to preserve viable issues for collateral review") also fails as conclusory (*what* issues?). *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (a petitioner is not entitled to relief under an IAC claim when "his claims are merely 'conclusory allegations unsupported by specifics' or 'contentions that in the face of the record are wholly incredible'"(*quoting Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990)); *Hill*, 2014 WL 6773045 at * 2. The same must be said for Claim Three ¶ 4 (conflict of interest claim), doc. 181 at 23, as well as Claim Three ¶ 5, *id.* at 24 (IAC for a "multiplicity of errors"; again, he never explains what those errors are).

That leaves Claim One, doc. 181 at 17-19, which contains a little more detail yet still misses the mark. Here Cruz-Camacho faults Rodman for failing to "cite available authority to demonstrate to the Court at sentencing that [the sentence enhancement that he received] for [his] 'role in the offense' was improper in his case because the [sentencing hearing] evidence established nothing more than a relationship between [movant] and another individual." *Id.* at 17. With the case law defendant supplies, he reasons that Rodman would have convinced the judge that it was erroneous to find Cruz-Camacho "more

culpable than others who participated in the crime." *Id.* at 18. Rodman thus failed to research the law on that score. *Id.* at 19. Had counsel done those things, "there is a reasonable probability that the outcome of his sentence process would have been different." *Id.*

The record shows that Cruz-Camacho raised an entrapment defense at trial and lied about his involvement in the conspiracy -- a point which led to the Probation Officer, as well as the prosecution, to urge an enhanced sentence on "Obstruction of Justice" grounds. PSI at 9; doc. 175 at 11-16. The sentencing judge, after the prosecution cited record evidence (quoted the trial transcript) showing that movant lied under oath, expressly found that he had obstructed justice in that manner, doc. 175 at 17-19, and did so while advancing a "patently absurd entrapment defense." *Id.* at 19.

Cruz-Camacho thus would have this Court find Rodman ineffective merely because she failed to convince the judge that he was not part of the conspiracy, which is basically what he means by his "role in the offense" argument. But the judge enhanced his sentence *not* because he believed that Cruz-Camacho "was more culpable than others who participated in the crime," to use movant's words. Rather, he did so

because defendant *lied* while on the witness stand -- a point Rodman contested both in her PSI Objection (*see* "Addendum to the Presentence Report") and at sentencing. Doc. 175 at 8-11, 16-17. Hence, this claim fails outright.

Eduardo Cruz-Camacho's § 2255 motion therefore must be denied. Doc. 181. His motions for discovery and appointment of counsel (doc. 181 at 26 are **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this 18th day of December, 2014.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA