UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA,

v.  4:13-cr-129-2

EDUARDO CRUZ-CAMACHO,

Defendant.

## ORDER

Before the Court is Eduardo Cruz-Camacho's Motion for Return of Personal Property. ECF No. 179. Specifically, Cruz-Camacho requested the return of personal property, including $340.00, a white gold chain, a passport, two cell phones, a pair of earrings, a pair of sunglasses, and a belt (collectively "Items"). ECF No. 179 at 3. Cruz-Camacho alleges that the Items were seized from him when he was arrested. ECF No. 179 at 3.

The Government opposed Cruz-Camacho's Motion. ECF No. 182. But neither party provided the Court with sufficient evidence to allow it to determine whether the Government should return to Cruz-Camacho the property he alleges is his. Therefore, the Court ordered both parties to submit supporting evidence by January 8, 2015. ECF No. 183.

The Government met the court-imposed deadline and submitted supporting evidence. ECF No. 188. Cruz-Camacho has failed to file any supporting evidence with the Court.

## I. STANDARD OF REVIEW

As noted in the Court's previous order, ECF No. 183, Federal Rule of Criminal Procedure 41(g) allows for an individual to petition for the return of seized property "on the ground that such person is entitled to lawful possession of the property." *United States v. Eubanks*, 169 F.3d 672, 674 (11th Cir. 1999); *see* Fed. R. Crim. P. 41(g). "Where, as here, a Rule 41(g) motion is filed after the conclusion of criminal proceedings, the motion is treated as a civil action in equity over which a district court may exercise equitable jurisdiction." *United States v. Zambrano*, 353 F. App'x 227, 228 (11th Cir. 2009); *see also United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005) (same).

"[A]nalysis under Rule 41(g) requires a multi-step inquiry." *United States v. Melquiades*, 394 F. App'x 578, 580 (11th Cir. 2010). The movant "must first demonstrate that he is entitled to the property." *Id.*; *see also Howell*, 425 F.3d at 974. The government may offer evidence to rebut the movant's allegations, showing "that it has a legitimate reason to retain the property, that it does not possess the property, or that the property has been destroyed." *Melquiades*, 394 F. App'x at 580 (quotation omitted). If a material issue of fact arises, the parties must present evidence to the court. *Id.*; *see also* Fed. R. Crim. P. 41(g) ("The court must receive evidence on any factual issue necessary to decide the motion."). District courts ought not to rely on representations made by counsel but should require the parties "to submit at least some evidence" of the property's status. *See United States v. Potes Ramirez*, 260 F.3d 1310, 1314 (11th Cir. 2001) (noting that "[a]lthough the government alleges in its pleadings that the

property sought by Potes Ramirez was destroyed, these pleadings are not verified and no supporting affidavits have been filed.").

## II. ANALYSIS

The parties dispute whether the Court should order the return of the Items to Cruz-Camacho. It is the Court's duty to resolve the disputed issue of fact between the parties.

Here, Cruz-Camacho has alleged that he is entitled to the Items. ECF No. 179 at 3. But he has failed to provide any evidence related to the items within the court-imposed deadline. The Court ordered him to provide supporting evidence by January 8, 2015. *See* ECF No. 183 at 3; *see also Melquiades*, 394 F. App'x at 581 ("[O]nce a Rule 41(g) movant alleges that property was seized from his home and the government disputes this fact, the district court must at a minimum afford the movant an opportunity to present evidence in support of his claims."). Cruz-Camacho did not comply with the Court's order.

The Government, however, has met the requirement of providing some evidence. After the Court ordered both parties to provide evidence related to the Items, the Government provided an affidavit from Alcohol, Tobacco, and Firearms ("ATF") Agent David Kamentz. ECF No. 188. Kamentz asserts in his affidavit that, although the file indicated that some items were taken from Cruz-Camacho at the time of his arrest, "[t]he ATF has searched but cannot now locate the items." *Id.* at 3. It is not clear from the affidavit if the seized items were the Items Cruz-Camacho seeks, since no itemized list of the seized items was made. *See id.* at 2.[1] Kamentz also asserts that the ATF's attempts to return the seized items to Cruz-Camacho's attorney or relatives were unsuccessful. *See id.* at 3.

In his initial Motion, Cruz-Camacho alleged that the Items had been seized from him. ECF No. 179 at 3. The Government has presented evidence indicating that it does not possess the Items. ECF No. 188 at 1-2. Cruz-Camacho has failed to present any evidence that the Government possesses the Items or that he has a right to them—in short, he has failed to make the showing required by Rule 41(g). *See Howell*, 425 F.3d at 974 ("In order for an owner of property to invoke Rule 41(g), he must show that he had a possessory interest in the property seized by the government."). Therefore, the Court must deny this portion of his Motion.

But the Government has provided evidence that $309.00 was seized from Cruz-Camacho during his arrest. *Id.* at 3; *see also* ECF No. 182 at 2. Although Cruz-Camacho asserts that the amount was $340.00, the ATF has located only $309.00, which was taken from Cruz-Camacho's person. ECF No. 188-1 at 2. The Court

---

[1] Kamentz's affidavit also refers to Cruz-Camacho's 1994 Chevrolet Camaro and the possibility that some of Cruz-Camacho's property may have been left in the Camaro. ECF No. 188 at 4. But Cruz-Camacho seeks only the return of the Items, which were seized "at the time he was arrested," ECF No. 179 at 3, and not while he was in his Camaro. In addition, no evidence indicates that the Items are in the Camaro, which in any case is no longer in the Government's possession, *see* ECF No. 179 at 3. Therefore, the Camaro is of no relevance to Cruz-Camacho's Motion.

2

finds that $309.00 was taken from Cruz-Camacho.

Based upon the Government's submission of Kamentz's affidavit and Cruz-Camacho's decision to forego the submission of any evidence, the Court finds that the Government does not possess the majority of the Items, with the exception of $309.00. Therefore, the Court orders that amount be returned to Cruz-Camacho.

### III. CONCLUSION

Cruz-Camacho's request for his personal property, ECF No. 179, has been **GRANTED IN PART** and **DENIED IN PART**.

The Government has indicated that the appropriate procedure for the return of seized property is for a defendant to fill out "DOJ Standard Form 95," which the Government has attached to its Response. *See* ECF No. 182-1. Therefore, the Court encourages Cruz-Camacho to submit this form for the return of his $309.00 to the address provided.

This 2 day of February 2015.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA